IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ciera Howard; Tina Sexton; and Misty McNabb, | ) ) ) | C/A No. 3:15-2096-JMC-PJG |
| Plaintiffs, | ) ) ) | **ORDER** **AND** **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Unknown Driver; John Doe; South Carolina Department of Mental Health; and South Carolina Department of Corrections, | ) ) ) ) | |
| Defendants. | ) ) ) | |

The plaintiffs, Ciera Howard, Tina Sexton, and Misty McNabb ("Plaintiffs"), filed a Complaint in the Richland County Court of Common Pleas raising claims against the defendants associated with an automobile accident and the alleged denial of proper medical treatment thereafter. (Compl., ECF No. 1-1 at 6-9.) The defendants removed the case to federal district court pursuant to 28 U.S.C. § 1441, asserting jurisdiction based upon 28 U.S.C. § 1331.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on various motions of the parties, including:  (1) Defendant South Carolina Department of Corrections' ("SCDC") motion to dismiss or, in the alternative, for a more definite statement (ECF No. 6); (2) Plaintiffs' motion to voluntarily dismiss all claims against Defendants SCDC and the South Carolina Department of Mental Health ("SCDMH") (ECF No. 14); (3) Plaintiffs' motion to amend the Complaint (ECF No. 14); and (4) Plaintiffs' motion to remand the case to state court (ECF No. 14).

*PJG*

**BACKGROUND**

Plaintiffs allege that they are prisoners confined at Goodman Correctional Institution, who were injured in an automobile accident on or about April 3, 2015. (Compl., ECF No. 1-1 at 5.) Plaintiffs indicate that they were traveling in a van owned by Defendant SCDMH when Defendant Unknown Driver John Doe's motor vehicle collided with the van, causing it to overturn.[1] (Id. at 5-6.) Plaintiffs claim that Defendant Unknown Driver John Doe was traveling at a high rate of speed in "total heedless and reckless disregard of the rights and safety of others." (Id. at 6.) Plaintiffs allege that they were injured in the accident and complain that the van did not have adequately functioning seat belts or a fully functioning side door, contributing to their injuries and resulting in them being trapped in the van until extricated by first responders. (Id. at 6-7.) Plaintiffs assert that, following the collision, Defendant SCDC interfered with medical treatment being rendered to Plaintiffs and did not provide proper medical treatment for them at the prison. (Id. at 8-9.) Plaintiffs further assert that Defendant SCDC confiscated medical documents from outside health care providers and refused to allow Plaintiffs to document their injuries through photographs. (Id. at 9.) Plaintiffs seek monetary damages. (Id. at 10.)

**DISCUSSION**

It appears from the parties' filings that all agree that Plaintiffs' claims against SCDC and SCDMH should be dismissed. For the reasons stated in Defendant SCDC's memorandum supporting its motion, the Plaintiffs' § 1983 claims against Defendant SCDC and any § 1983 claims Plaintiffs may be asserting against Defendant SCDMH should be dismissed with prejudice, as these

---

[1] The court notes that Unknown Driver John Doe appears to be one defendant in this case, rather than two separate defendants as originally construed and docketed.



two state agencies are not "persons" within the meaning of that statute. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Plaintiff's motion to amend the complaint to identify Defendant Unknown Driver John Doe as Jarvis Omar Hayes is granted.[2] Because no federal claims would remain in the case if the court's recommendations contained herein are adopted, the court further recommends that the court exercise its discretion to remand the claims against Hayes to state court. See 28 U.S.C. § 1367(c).

## RECOMMENDATION

Based on the foregoing, Plaintiffs' motion to voluntarily dismiss its claims against Defendants SCDMH and SCDC be granted without prejudice except for their § 1983 claims, which should be dismissed with prejudice. If the assigned district judge adopts this recommendation, the court further recommends that Plaintiffs' motion to remand their claims against Hayes—the defendant formerly identified as Unknown Driver John Doe—be granted under § 1367(c).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 28, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] Plaintiffs are directed to file their Amended Complaint asserting claims only against Hayes within fourteen days of the date of this Order. Upon remand of this case to state court, Plaintiffs will be responsible for effecting service of a Summons and the Amended Complaint in accordance with Rule 4 of the South Carolina Rules of Civil Procedure.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).